ORIGINAL

1   Tina B. Nieves, SBN 134384
    Hector G. Gancedo, SBN 132139
2   GANCEDO & NIEVES LLP
    119 E. Union Street, Suite G
3   Pasadena, California 91103-3952
    Telephone No.: (626) 685-9800
4   Facsimile No.: (626) 685-9808

5

6   Stephen C. Ball, SBN 119463
    LAW OFFICES OF STEPHEN C. BALL
7   20 North Raymond Avenue, Suite 350
    Pasadena, California 91103
8   Telephone No.: (626)793-2117
    Facsimile No.: (626) 793-3198

9

10  Attorneys for Plaintiff and the Class

11  RECEIVED
    BUT NOT FILED

12

13  JAN 19 2001

14

15  CLERK, U.S. DISTRICT COURT
    CENTRAL DISTRICT OF CALIFORNIA
    WESTERN DIVISION
16  BY                        DEPUTY

        UNITED STATES DISTRICT COURT

        CENTRAL DISTRICT OF CALIFORNIA

        WESTERN DIVISION

17

18  LAWRENCE BABINSKI on behalf of      )  CASE NO. 98-8459 JSL (VAPx)
    himself and all others similarly situated,  )
19                                       )  CLASS ACTION
                      Plaintiff(s),      )
20        vs.                            )  [PROPOSED] ORDER AND FINAL
                                         )  JUDGMENT
21  PILOT and ASSOCIATES, INC., PILOT    )
    CATASTROPHE Alabama corporations;    )
22  and DOES 1 to 100, inclusive,        )
                                         )
23                    Defendant(s).      )
                                         )
24  ///

25  ///

26  ///

27  ///

28

1       The Representative Plaintiff and the Defendants (as those terms are defined in the Stipulation

2   of Settlement dated November15, 2000) (the "Stipulation"), having executed and filed the

3   Stipulation; the Court having entered its Order thereon dated November 17, 2000, directing that

4   Notice of the proposed settlement of the action be given to the Members of the Class by first-class

5   mailing and by publication and scheduling a hearing to be held to determine whether the proposed

6   settlement should be approved as fair, reasonable and adequate; said Notice having been given; a

7   hearing having been held on January 29, 2001, at which all interested persons were given an

8   opportunity to be heard; and the Court having read and considered all submissions in connection

9   with the proposed settlement and having reviewed and considered the files and records herein, the

10  Court finds and concludes that:

11      On September 15, 1998 an action was filed against defendants Pilot and Associates, Inc. and

12  Pilot Catastrophe Services, Inc.  in the Superior Court for the State of California in the County of

13  Los Angeles as a class action on behalf of all non-exempt employees who performed insurance

14  adjusting services in California in connection with the Northridge earthquake and who allegedly

15  were not paid overtime and/or benefits in accordance with the California Labor Code and its

16  implementing regulations.  The case is captioned <u>Lawrence Babinski v. Pilot and Associates Inc.,</u>

17  <u>et al</u>. Case No. BC197565.  On or about October 15, 1998 the case was removed to the United States

18  District Court for the Central District of California, Western Division pursuant to 28 U.S.C. Section

19  1332 and 28 U.S.C. Section 1441 (b).  Once removed the case was assigned Case No. 98-8459

20  JSL(ZAPx).  This action is referred to herein as the "Litigation".

21      The complaint asserts violations of the California Labor Code, California Code of

22  Regulations, IWC wage order No. 4-89 and the guidelines set forth by the Division of Labor

23  Standards Enforcement and violations of the California Business and Professions Code Section

24  17200 et seq.  The complaint seeks compensatory damages for the overtime amount class members

25  were allegedly denied, punitive damages, penalties, interest, attorney's fees, and injunctive relief.

26  The Pilot Defendants and each of them answered the complaint by denying Plaintiff's allegations

27  and asserting various affirmative defenses.

28

- 1 -

1    The plaintiffs and the Defendants have entered into a Stipulation of Settlement dated
2    November 15, 2000 (the "Stipulation"), which has been filed with the Court. The parties have
3    Stipulated to a class for purposes of this settlement only consisting of all persons who provided
4    adjusting, scoping, estimating, or related services for or on behalf of Pilot anywhere in the United
5    States of America or any of its Territories from January 17, 1994 through and including December
6    20, 1999, who worked but were not paid overtime and/or benefits. Excluded from the Class are
7    Defendants, their principals, shareholders and directors and the members of their immediate families,
8    heirs, assigns, affiliates, successors, and subsidiaries. Also excluded from the Class are any and all
9    individuals who have previously released the claims covered by the Class and those Class Members
10   who timely and validly request exclusion from the Class pursuant to the Notice of Pendency and
11   Settlement of Class Action (hereinafter the "Settlement Class" or the "Class"). The Stipulation
12   provides for the settlement of the Litigation on behalf of the Representative Plaintiff and all Class
13   Members with the Defendants, "Released Persons" and their "Related Parties" as those terms are
14   defined in the Stipulation subject to approval by this Court of its terms and to the entry of this
15   Judgment. The Court scheduled a hearing to consider the approval of the Stipulation, and directed
16   that Notice of the proposed settlement and hearing be mailed to Settlement Class Members.

17   In accordance with the Stipulation, and an Order of the Court dated November 17, 2000, the
18   Representative Plaintiff caused to be mailed to all reasonably identifiable Class Members a Notice
19   of Pendency and Settlement of Class Action (the "Notice") and caused to be published once each in
20   the national edition of The Los Angeles Times and USA Today a summary notice (the "Summary
21   Notice") of the pendency and proposed settlement of the Litigation and of the opportunity to object
22   to the Settlement. Affidavits and/or declarations of mailing of the Notice and publication of the
23   Summary Notice have been filed with the Court.

24   The Notice and the Summary Notice provided to potential Class Members constitute the best
25   notice practicable under the circumstances and includes individual notice to all Class Members who
26   could be identified by reasonable effort. The affidavits or declarations of mailing filed with this
27   Court demonstrate that this Court's Order with respect to the Notice and Summary Notice have been
28   complied with and, further, that the best notice practicable under the circumstances was in fact given

- 2 -

1  and constituted valid, due and sufficient notice to Members of the Class, complying fully with due
2  process and Federal Rule of Civil Procedure 23.

3      The Representative Plaintiff and the Defendants have applied to the Court for approval of
4  the terms of the Stipulation and for the entry of this Judgment. Pursuant to the Notice and Summary
5  Notice, and upon notice to all parties, a hearing was held before this Court on January 29, 2001, to
6  consider whether the settlement set forth in the Stipulation should be approved by this Court as fair,
7  reasonable and adequate.

8      Approval of the Stipulation will result in substantial savings in time and money to the Court
9  and the litigants and will further the interests of justice.

10      The Stipulation is the product of good faith arm's length negotiations by the parties thereto.
11      NOW THEREFORE, GOOD CAUSE APPEARING THEREFOR, IT IS HEREBY
12  ORDERED, ADJUDGED AND DECREED that:

13      1.    Class Members who have filed timely and valid requests for exclusion and who are
14  identified on Exhibit 1 hereto are not bound by this Judgment. All other persons within the Class
15  who performed adjusting, scoping, estimating, or related services for or on behalf of Defendants in
16  the United States of America or any of its Territories during the Class Period and who worked but
17  were not paid overtime and/or benefits are bound by this Judgment and by the Stipulation, including
18  the releases provided for in this Judgment.

19      2.    The Stipulation and Settlement are not an admission by the Defendants, Released
20  Persons, and their Related Parties, nor is this Judgment a finding of the validity of any claims in the
21  Litigation or of any wrongdoing by them. Furthermore, neither the Stipulation nor the Settlement
22  is a concession by any Defendant, Released Person, or Related Party, and neither shall be used as
23  an admission of any fault or omission by any person. Neither this Judgment, the Stipulation nor any
24  document referred to herein nor any action taken to carry out this Stipulation is, may be construed
25  as, or may be used as an admission by or against the Defendants, Released Persons, and Related
26  Parties of any fault, wrongdoing or liability whatsoever. Entering into or carrying out the
27  Stipulation, and the Exhibits thereto, and any negotiations or proceedings related thereto shall not
28  in any event be construed as, or deemed to be evidence of, an admission or concession with regard

- 3 -

1  to the denials or defenses by any of the Defendants and shall not be offered or received in evidence

2  in any action or proceeding against any party hereto in any court, administrative agency or other

3  tribunal for any purpose whatsoever other than to enforce the provisions of this Judgment, the

4  Stipulation or the provisions of this Judgment or any related agreement or release; except that the

5  Stipulation and the Exhibits may be filed in this Litigation or related litigation as evidence of the

6  Settlement or in any subsequent action against or by the Defendants, Released Persons, and Related

7  Parties  to support a defense of res judicata, collateral estoppel, release, good faith settlement,

8  judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar

9  defense or counter claim.

10        3.      The Stipulation and Settlement are fair, reasonable, adequate, and in the best interests

11  of the Class and the Stipulation and Settlement are hereby finally approved in all respects, and the

12  parties to the Stipulation are hereby directed to consummate and perform its terms.

13        4.      The Litigation is dismissed on the merits with prejudice as to the Defendants and

14  (except as provided for in the Stipulation) without costs to any party as against any other, and all

15  Class Members are forever enjoined and barred from commencing or prosecuting, either directly,

16  representatively or in any other capacity, a class action or any other action against the Defendants

17  (as defined in the Stipulation), Released Persons (as defined in the Stipulation, and each and all of

18  their respective Related Parties (as defined in the Stipulation), past and present, with respect to,

19  based on, arising from or for any and all Released Claims (as defined in the Stipulation) or causes

20  of action, including "Unknown Claims," that have been or could have been asserted by the

21  Representative Plaintiff or the Class Members, or any of them, against the Defendants, Released

22  Persons, and Related Parties based upon non payment of overtime wages and benefits in accordance

23  with the California Labor Code or any federal law or law of any other State or Territory, and any

24  implementing or other regulations, in connection with the performance of  adjusting, scoping,

25  estimating, or related services performed for or on behalf of Defendants in the United States of

26  America or any of its Territories during the Class Period and the facts, transactions, events,

27  occurrences, acts or omissions which were or could have been alleged in the Litigation. "Unknown

28  Claims" means any Released Claims which the Representative Plaintiff or any Class Member does

- 4 -

1  not know or suspect to exist in his or her favor at the time of the release of the Released Claims

2  which, if known by him or her, might have affected his or her settlement with and release of the

3  Defendants, Released Persons, and Related Parties, or might have affected his or her decision not

4  to object to this Settlement. With respect to any and all Released Claims, upon the Effective Date,

5  the Representative Plaintiff (on behalf of himself and the Class Members) and the Class Members

6  shall be deemed to have, and by operation of this Judgment shall have, expressly waived and

7  relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of

8  the California Civil Code, which provides:

9          A general release does not extend to claims which the creditor does
   not know or suspect to exist in his favor at the time of executing the
10         release, which if known by him must have materially affected his
   settlement with the debtor.

11

12 The Representative Plaintiff shall have, and each of the Class Members shall be deemed to have, and

13 upon the Effective Date and by operation of this Judgment shall have, waived any and all provisions,

14 rights and benefits conferred by any law of any state or territory of the United States, or principle

15 of common law, which is similar, comparable or equivalent to § 1542 of the California Civil Code.

16 The Representative Plaintiff and each of the Class Members may hereafter discover facts in addition

17 to or different from those which such persons now know or believe to be true with respect to the

18 subject matter of the Released Claims, but the Representative Plaintiff and each Class Member shall,

19 upon the Effective Date, fully, finally and forever settle and release any and all Released Claims,

20 known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not

21 concealed or hidden, which now exist, or heretofore have existed upon any theory of law or equity

22 now existing or coming into existence in the future, including, but not limited to, conduct which is

23 negligent, intentional, with or without malice or a breach of any duty, law or rule, without regard to

24 the subsequent discovery or existence of such different or additional facts.

25       5.      Each Class Member who did not timely and validly request exclusion is barred and

26 permanently enjoined from commencing and prosecuting any and all of the Released Claims, either

27 directly, representatively or in any other capacity, against the Defendants, Released Persons, and

28 their respective Related Parties (as defined in the Stipulation), past and present.

6.      The Defendants and their Related Parties upon the Effective Date and by operation of this Judgment shall finally and forever waive, and are forever enjoined and barred from commencing, prosecuting, or enforcing in any capacity, any and all claims, causes of action, or other rights of any kind whatsoever (including Unknown Claims) that they, or any one or more of them, may have, have had, or hereafter acquire against the named plaintiffs, any and all Class Members, and the Representative Plaintiff's counsel relating in any way to the institution, prosecution, assertion, or resolution of the Litigation or the Released Claims.  However, this release does not release claims that are unrelated to the Litigation or the Released Claims, or any claims involving adjusting practices, errors or omissions, dishonest, fraudulent, or criminal conduct.

7.      Class Members who have validly and timely requested exclusion may pursue their own individual remedies, if any.

8.      The Court reserves jurisdiction, without affecting the finality of this Judgment, over: (a) implementation of this Settlement, the allowance, disallowance or adjustment of any Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (b) disposition of the Settlement Fund; (c) enforcing and administering this Judgment; (d) enforcing and administering the Stipulation including any releases executed in connection therewith; and (e) other matters related or ancillary to the foregoing.

9.      The Representative Plaintiff has made application for the attorneys' fees and expenses of prosecuting this litigation together with an incentive award.  All of such applications are found to be fair and reasonable and justified under the circumstances.  The Court hereby awards to Plaintiff's Lead Counsel, on behalf of all Plaintiffs' counsel, the sum of $ 1,407,125.00 as counsel *SC* *to Class Administrator the sum of $34,252.00 as* fees and $ 47,381.12 as reimbursement of litigation expenses and to Representative Plaintiff the *reimbursement of expense* sum of $ 10,000.00 as an incentive award, all of such amounts to bear a proportionate amount *SC* of the interest earned by the Settlement Fund until the date of payment.  All such amounts are to be paid out of the Settlement Fund.  Plaintiff's Lead Counsel shall allocate the foregoing fees among plaintiff's counsel.

- 6 -

1

2   DATED: 1/30/01

3                                          HONORABLE J. SPENCER LETTS
                                           UNITED STATES DISTRICT JUDGE
4

5   Submitted by:

    Dated: 1/18/01
6

7                                          TINA B. NIEVES
                                           HECTOR G. GANCEDO
8
    BY: Tina B. Nieves
9                                              Tina B. Nieves

10                                         GANCEDO & NIEVES LLP
                                           119 E. Union Street, Suite G
11                                         Pasadena, CA 91103
                                           (626) 685-9800
12
                                           PLAINTIFFS' LEAD COUNSEL
13

    Dated: _____                   RICHARD ROSENBERG
14                                         JEFFREY FUCHSMAN

15
                                           BY: _____
16                                             Richard Rosenberg

17
                                           BALLARD, ROSENBERG, GOLPER
18                                         & SAVITT LLP
                                           10 University City Plaza, 16th Floor
19                                         Universal City, CA 91608
                                           (818)508-3700
20
                                           ATTORNEYS FOR DEFENDANTS PILOT
21                                         AND ASSOCIATES, INC. PILOT
                                           CATASTROPHE  SERVICES  INC.,AND
22                                         PILOT TEMPORARY SERVICES, INC.

23

24

25

26

27

28

Professional Indexes & Files, Inc. 800-422-9191  Recycled Paper

EXHIBIT 1

# Pilot Adjusters Overtime Litigation

## Requests for Exclusion Submitted on or Before the January 5, 2001 Deadline

| ID | LastName | FirstName | Street | City | State | Zip | Payroll | Distribution |
|---|---|---|---|---|---|---|---|---|
| 45 | Allen | James C | 43 Yvonne | Buffalo | NY | 14225 | $1,000.00 | $11.53 |
| 119 | Atkinson | David J. | 5302 Third Ave Niagara Falls | Ontario | Canada | L2E 4M5 | $5,761.15 | $66.44 |
| 245 | Bergh | Kendall | 5001 Idlewild St. | New Port Richey | FL | 34653 | $17,292.80 | $199.42 |
| 285 | Billingsley | Carl | P.O. Box 2304 | Henderson | TX | 75653 | $10,961.43 | $126.41 |
| 478 | Byrd | Joseph L | 918 Shelton Beach Road | Saraland | AL | 36571 | $49,985.50 | $576.44 |
| 513 | Cardenas | Louis | 7555 Katy Frwy. #149 | Houston | TX | 77024 | $6,206.20 | $71.57 |
| 519 | Carothers | Bruce D | 1711 Cindy Lynn St | Urbana | IL | 61801 | $3,315.00 | $38.23 |
| 585 | Chisholm | Gilbert L | 10253 Ave D | Bay St Louis | MS | 39520 | $4,586.73 | $52.89 |
| 1051 | Fisher | Robert W | P.O. Box 5997 | Pagosa Springs | CO | 81147 | $16,454.87 | $189.76 |
| 1469 | Henson | Dennis R | 1233 Dubarry Lane | Houston | TX | 77018 | $46,118.14 | $531.84 |
| 1470 | Henson | Jacqueline H | 1233 Dubarry Lane | Houston | TX | 77018 | $0.00 | $0.00 |
| 1738 | Kelley | William J | P O Box 64 | Hawarden | IA | 51023 | $552,037.02 | $6,366.18 |
| 1813 | Kraft | Cecil C | 6929 JFK Blvd. 20-200 | N Little Rock | AR | 72116 | $510,733.92 | $5,869.86 |
| 1936 | Logan | Barry W | 4206 Providence Lane | Tucker | GA | 30084 | $22,300.68 | $257.17 |
| 1950 | Love | Jeffrey E | 11511 Pierpoint Ave | Pensacola | FL | 32534 | $1,808.50 | $20.86 |
| 1959 | Lowrimore | William E | 15603 County Rd 314 | Tyler | TX | 75706 | $577,047.13 | $6,654.60 |
| 1960 | Lowrimore | Wm. Jason | 15603 County Road 314 | Tyler | TX | 75706 | $184,512.43 | $2,127.83 |
| 2180 | Mielke | John W | 204 Highland Rd | Statesboro | GA | 30459 | $7,203.00 | $83.07 |
| 2192 | Meredith | Jimmy | 501 West 1st Street | Tempe | AZ | 85281 | $290,520.00 | $3,384.92 |
| 2194 | Merrick | Harry | 12426 Capri Circle North | Treasure Island | FL | 33706 | $9,015.45 | $103.97 |
| 2363 | Neilson | Vickie Maples | P O Box 314 | Alvarado | TX | 76009 | $750.00 | $8.65 |
| 2420 | Oliveri | Charles Sr. | 105 Sapodilla Dr. | Islamorada | FL | 33036 | $31,028.38 | $357.82 |
| 2427 | Oosterhart | Gale | 9350 Stelzer | Howell | MI | 48843 | $6,825.15 | $78.71 |
| 2463 | Parks | John H | 301 McLemore Rd | Hattiesburg | MS | 39401 | $26,751.65 | $308.50 |
| 2638 | Puckett | Thomas W | P.O. Box 5 | Henderson | AR | 72544 | $132,512.96 | $1,528.16 |

JAN.18.2001 16:07                #1419 P.002/003

| ID | LastName | FirstName | Street | City | State | Zip | Payroll | Distribution |
|---|---|---|---|---|---|---|---|---|
| 2887 | Rector | Francis H | P.O.Box 850176 | Yukon | OK | 73085 | $191,397.50 | $2,207.23 |
| 2738 | Risinger | Phil | P.O. Box 82021 | Oklahoma City | OK | 73148 | $7,025.10 | $81.01 |
| 2786 | Rogers | Edwin | 8505 Shoal Creek Blvd #109 | Austin | TX | 78757 | $3,706.45 | $42.74 |
| 2838 | Sanders | Gary L | 6933 Vista Willow Dr | Dallas | TX | 75248 | $81,115.39 | $935.44 |
| 2872 | Schmidt | Gale J | 1270 Bluegrass Dr E | Billings | MT | 59106 | $187,807.12 | $2,165.82 |
| 3063 | Stafford | Angelica | 59 Moody Place | Georgetown | SC | 29440 | $15,554.39 | $179.38 |
| 3093 | Stelly | David | P.O. Box 6B | Careywood | ID | 83809 | $12,047.05 | $138.93 |
| 3102 | Stevens | William | P.O. Box 135 | St. Mary | KS | 66536 | $3,524.18 | $40.64 |
| 3295 | Vance III | Walter N | 360 Dunster Ct | Orange Park | FL | 32073 | $447,785.25 | $5,163.93 |
| 3346 | Wallace | Carter L | 44 Old No. 9 Hwy | Comfort | TX | 78013 | $30,475.01 | $351.44 |
| 3347 | Wallace | Don W | P.O.Box 525 | Comfort | TX | 78013 | $291,670.10 | $3,363.58 |
| 3432 | Whitaker | Ronnie E | 1041 Hagen Dr | New Port Richey | FL | 34655 | $414,499.80 | $4,780.08 |
| | | | | | | Totals | $4,204,335.21 | $48,485.04 |

Thursday, January 18, 2001

## PROOF OF SERVICE BY MAIL

I, Rosario Castellanos, declare as follows:

I am, and was at all times mentioned, a citizen of the United States and employed in the County of Los Angeles. I am over the age of 18 years, and I am not a party to or interested in the within action. My business address is 119 E. Union Street, Suite G, Pasadena, California 91103.

On January 19, 2001, I served the attached:

### [PROPOSED] ORDER AND FINAL JUDGMENT

Richard S. Rosenberg
Jeffrey P. Fuchsman
BALLARD, ROSENBERG, GOLPER & SAVITT LLP
10 Universal City Plaza, Suite 1650
Universal City, CA 91608-1097

by depositing a true and correct copy thereof enclosed in a sealed envelope, addressed as follows:

I caused such envelope to be deposited in the mail at my business address, addressed to the addressee designated. I am readily familiar with Gancedo & Nieves' practice for collection and processing of correspondence and pleadings for mailing. It is deposited with the United States Postal Service on that same day in the ordinary course of business.

I declare under penalty of perjury under the law of the State of California that the foregoing is true and correct.

Executed on January 19, 2001 at Pasadena, California.

ROSARIO CASTELLANOS